

# In the United States Court of Federal Claims

No. 17-755C
(Filed June 21, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
                                            *
WILLIAM HENRY MORGAN,                       *
                                            *
              Plaintiff,                    *
       v.                                   *
                                            *
THE UNITED STATES,                          *
                                            *
              Defendant.                    *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

FILED

JUN 2 1 2017

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

William Henry Morgan filed the complaint in this case *pro se* on June 5, 2017, along with an application to proceed *in forma pauperis*. It is clear from a review of the complaint that the subject matter is not within this court's jurisdiction, and accordingly this case must be dismissed pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). Mister Morgan's claims concern the actions of officials of the Washington State government and its localities and do not involve any entity of the United States government, and are therefore not within our subject-matter jurisdiction.

Subject-matter jurisdiction can be challenged by the parties at any time, or by the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to RCFC 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." When a court undertakes this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F.3d at 1354. It is understandable that Mr. Morgan, representing himself in this matter, would misunderstand the nature of our court and its jurisdiction. But if everything he has alleged in his complaint were true, our court would be powerless to remedy it, as none of it involves the actions of federal officials or operation of federal law.

This court's jurisdiction must be based on the alleged existence of a contract with the federal government or on a violation by the federal government of a law or constitutional provision mandating the payment of money. 28 U.S.C. § 1491(a)(1);

7017 1450 0000 1346 0133

*see also Total Med. Mgmt., Inc. v. United States*, 104 F.3d 1314, 1319 (Fed. Cir. 1997) (holding that a plaintiff must plead the elements of a valid contract in order to establish jurisdiction based on a contract with the United States); *United States v. Testan*, 424 U.S. 392, 398 (1976) (noting that the Tucker Act confers jurisdiction only where the federal statute allegedly violated confers "a substantive right to recover money damages from the United States"); *Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005) (holding that this court's jurisdiction "must be based on a law or regulation that either entitles the plaintiff to a payment of money from the government, or places a duty upon the government, the breach of which gives the plaintiff a money damages remedy"); *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967) (explaining that our court does not have jurisdiction to hear "every claim involving or invoking the Constitution"). This court has the power to hear only cases brought against the *United States* government; this court does not have jurisdiction over claims against state and city officials or agents. *See* 28 U.S.C. § 1491; RCFC 10(a); *Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978); *Clark v. United States*, No. 11-10C, 2014 WL 3728172, at *9 (Fed. Cl. July 28, 2014).

In this matter, Mr. Morgan is challenging the actions of Washington State entities. He questions why an uninsured motorist who rear-ended plaintiff's car was apparently not charged with criminal violations, *see* ECF No. 1 at 33, and he unsuccessfully sought money in Washington State courts from the Washington State Department of Labor and Industries. Plaintiff mistakenly refers to an Assistant Attorney General of Washington State as an agent of the United States. Compl. at 4; *cf. Rose Acre Farms, Inc. v. United States*, 373 F.3d 1177, 1196 (Fed. Cir. 2004) (explaining the limited circumstances in which state officials act as federal agents, which are not applicable here). And Mr. Morgan curiously references the attachments to his complaint relating to his litigation against Washington State as "bonds" of which the United States has deprived him through the criminal conduct of fraud, racketeering, embezzlement, and counterfeiting. *Id.* at 2. Calling such documents "bonds" does not make them so, and such unspecified allegations would not be sufficient to state a claim within a federal court's jurisdiction, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (holding that a complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"), even if our Court had jurisdiction over violations of criminal law --- which we do not, *see, e.g., Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2015) ("[T]he principle that we do not exercise jurisdiction over criminal claims has been universally and thoroughly well-established by decisions of our court . . . .").

Thus, because there are no specific allegations of any actions taken by the United States government in Mr. Morgan's complaint, and because his claim and the attachment to his complaint concerns only the entities and officials of Washington State and its subdivisions, this court lacks jurisdiction over the complaint. Accordingly, plaintiff's complaint is **DISMISSED** as beyond our court's

jurisdiction pursuant to RCFC 12(h)(3). Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**, and thus Mr. Morgan need not pay the filing fee. The Clerk shall close the case.

**IT IS SO ORDERED.**

                                                    _____
                                                    VICTOR J. WOLSKI
                                                    Judge